## MAY v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. September 4, 1916.)

### No. 4559.

1. CRIMINAL LAW ⊙—1178—ASSIGNMENTS OF ERROR—WAIVER.
    Assignments of error abandoned in the brief will not be considered on appeal.
    [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3011–3013; Dec. Dig. ⊙—1178.]

2. CRIMINAL LAW ⊙—1045—APPEAL—MATTERS FOR CONSIDERATION.
    An assignment of error as to a matter on which the trial court did not rule will not be considered on appeal.
    [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2652, 2685; Dec. Dig. ⊙—1045.]

3. INDICTMENT AND INFORMATION ⊙—137(3)—MOTION TO QUASH.
    The question whether a person not authorized appeared before the grand jury returning the indictment may be raised by motion to quash, although plea in abatement is the proper remedy in all cases of contested fact.
    [Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 482, 484; Dec. Dig. ⊙—137(3).]

4. CRIMINAL LAW ⊙—322—EVIDENCE—PRESUMPTIONS—OFFICIAL ACTION.
    Where an Assistant Attorney General signed a communication for and on behalf of the Attorney General, it must be presumed that he was acting lawfully and not usurping authority.
    [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 728; Dec. Dig. ⊙—322.]

5. ATTORNEY GENERAL ⊙—2—GRAND JURY ⊙—34—ASSISTANTS—APPOINTMENT.
    Rev. St. § 161 (Comp. St. 1913, § 235) declares that the head of each department may prescribe regulations for his department, while section 177 (section 259) provides that in case of the death, resignation, absence, or sickness of the head, the first or sole assistant shall, unless otherwise

directed by the President perform the duties of such head of department. Section 348 (section 517) provides that in the department of justice there shall be three Assistant Attorneys General, who shall assist the Attorney General, while section 360 (section 535) authorizes the Attorney General to require any solicitor or officer of the department of justice to perform any duty required of the department. Act June 30, 1906, c. 3935, 34 Stat. 816 (Comp. St. 1913, § 534), provides that the Attorney General, or any attorney or counselor specially appointed by the Attorney General, may, when specifically directed by the Attorney General, conduct any legal proceedings, civil or criminal, including grand jury proceedings, whether he be a resident of the district in which such proceeding is brought or not. By a letter signed by an Assistant Attorney General for the Attorney General, an attorney was appointed special assistant for the purpose of assisting in prosecutions in a district of which the special assistant was not a resident, and pursuant to the direction of the Attorney General he appeared and participated in the grand jury proceedings which culminated in the return of an indictment. *Held*, that as it is physically impossible for the head of an executive department to himself sign every official communication emanating from his department, and as it must be presumed that the assistant was acting for the Attorney General, the special attorney was qualified to act, and might participate in the grand jury investigations.

[Ed. Note.—For other cases, see Attorney General, Cent. Dig. § 2; Dec. Dig. ☞2; Grand Jury, Cent. Dig. §§ 73, 85; Dec Dig. ☞34.]

6. ATTORNEY GENERAL ☞2—INDICTMENT AND INFORMATION ☞137(3)—SPECIAL ASSISTANTS—DE FACTO OFFICERS.

In such case, the special attorney so appointed by the Attorney General was at least a de facto officer, and his right to participate in the grand jury proceedings cannot be questioned on motion to quash the indictment returned by the grand jury.

[Ed. Note.—For other cases, see Attorney General, Cent. Dig. § 2; Dec Dig. ☞2; Indictment and Information, Cent. Dig. §§ 482–487; Dec. Dig. ☞137(3).]

7. ATTORNEY GENERAL ☞2—SPECIAL ATTORNEYS—APPOINTMENT.

A specially appointed assistant to the Attorney General, not a resident of the district wherein a prosecution is had, should present duly certified copies of his appointment and oath of office to any court in which he is called upon to act, so that the same may be recorded.

[Ed. Note.—For other cases, see Attorney General, Cent. Dig. § 2; Dec. Dig. ☞2.]

In Error to the District Court of the United States for the Eastern District of Missouri; John C. Pollock, Judge.

Joseph May and another were convicted of violating Act of Congress August 2, 1886, c. 840, 24 Stat. 209, relating to sale and manufacture of oleomargarine, and Joseph May, the named defendant, brings error. Affirmed.

Chester H. Krum and Walter N. Davis, both of St. Louis, Mo., for plaintiff in error.

Robert W. Childs, Sp. Asst. Atty. Gen. (Arthur L. Oliver, U. S. Atty., of St. Louis, Mo., on the brief), for the United States.

Before HOOK and CARLAND, Circuit Judges, and MUNGER, District Judge.

CARLAND, Circuit Judge. Joseph May with one Will Brown was tried, convicted, and sentenced to the penitentiary upon two in-

dictments consolidated for the purpose of trial, for violating the provisions of an act of Congress, approved August 2, 1886, relating to the sale and manufacture of oleomargarine. He seeks a reversal of the judgment for error committed by the trial court in overruling his motion to quash the indictments.

[1-5] We thus limit the assignments of error for the reason that the alleged error of the court in ruling on the motion in arrest is abandoned in the brief, and there was no ruling of the court on the question of whether the attorney for the United States should have been required to make an opening argument at the close of the case. The motion to quash was in the following language:

"Come now the above-named defendants Joseph May, Will Brown, et al., by their attorney, and move the court to set aside the indictment found herein against them in said cause for the following reasons:

"First. Because Robert Childs, who is not a citizen or resident of the Eastern District of Missouri, and who is not the district attorney, nor an assistant district attorney, and who was not a witness, was present in the grand jury room, examining witnesses, and participating in the proceedings herein against said defendants when said indictment was found, and that he had no right to be there.

"Second. That the said Robert Childs, not being United States district attorney, nor one of the regular assistants for this district, failed to procure the express permission of the District Court of Missouri to appear before said grand jury.

"Third. That the said Robert Childs failed to show by what authority he exercised the right to appear before the grand jury, and that he failed to file any appointment or permission issued to him with the clerk of the District Court for this district, and has failed to place in the custody of the clerk of the District Court for this district the oath required by law to be by him taken."

For such irregularity in relation to the grand jury as is complained of, a motion to quash seems to be made use of in many instances instead of a plea in abatement, although the plea in abatement is the proper remedy in all cases of contested fact. United States v. Gale, 109 U. S. 65, 3 Sup. Ct. 1, 27 L. Ed. 857; Carter v. Texas, 177 U. S. 442, 20 Sup. Ct. 687, 44 L. Ed. 839; Agnew v. United States, 165 U. S. 36, 17 Sup. Ct. 235, 41 L. Ed. 624; United States v. Philadelphia & Reading Railway Co. (D. C.) 221 Fed. 683; United States v. Virginia-Carolina Chemical Co. (C. C.) 163 Fed. 66; United States v. Heinze (C. C.) 177 Fed. 770; Latham v. United States, 226 Fed. 420, 141 C. C. A. 250.

No disputed question of fact arose in the court below in disposing of the motion to quash. Mr. Childs testified, when called by counsel for the defendant in support of the motion to quash, as follows:

"I am an attorney at law. Between the 18th and 23d days of December, 1914, I attended before the grand jury at St. Louis, Mo., and questioned witnesses in oleomargarine cases. I am not a resident of the Eastern District of Missouri, nor am I the United States district attorney for said district, or one of the regularly appointed assistants to said attorney. I received no authority from the District Court of said district to appear before the grand jury; neither my oath of office nor my appointment was filed with the court."

One of the indictments consolidated was returned March 24, 1913, and with which Mr. Childs had nothing to do. The other indictment was returned December 23, 1914, and it is to this indictment that

the appearance of Mr. Childs before the grand jury relates. Mr. Childs, to show his authority to appear before the grand jury, introduced in evidence the following letters, and his oath of office:

"October 13, 1914.

"Robert W. Childs, Esq., % United States Attorney, Chicago, Illinois—Sir: You are hereby appointed a special assistant to the Attorney General for the purpose of assisting in the preparation for trial, and in the trial in the District Court of the Eastern District of Missouri, of the so-called oleomargarine cases there pending, or to be pending.

"Your compensation will be at the rate of $25.00 per day for each day of actual service in the discharge of these duties, and you will also be allowed your actual and necessary expenses of travel and subsistence, subject to the provisions of Department Circular No. 486, when away from Chicago, Illinois, which is hereby fixed as your official headquarters, all payable from the appropriation for 'Pay of Special Assistant Attorneys, United States Courts.'

"This appointment is subject to any change which may be made by this department, and may be terminated at any time by the Attorney General.

"Please execute and return the enclosed oath of office.

"Respectfully,                         For the Attorney General,
            "Sam'l J. Graham, Assistant Attorney General."

"I, Robert W. Childs, do solemnly swear that I will support and defend the Constitution of the United States against all enemies, foreign and domestic; that I will bear true faith and allegiance to the same; that I take this obligation freely, without any mental reservation or purpose of evasion; and that I will well and faithfully discharge the duties of the office of special assistant to the Attorney General on which I am about to enter. So help me God.                                    Robert W. Childs.

"Subscribed and sworn to before me this 14th day of December, A. D. 1914.
    "[Seal.]                         Esther A. Dunshee, Notary Public."

"December 3, 1914.

"Robert W. Childs, Esq., % United States Attorney, Chicago, Illinois—Sir: In connection with your appointment dated October 13, 1914, as a special assistant to the Attorney General, for the purpose of assisting in the preparation for trial, and in the trial, in the District Court of the Eastern District of Missouri, of the so-called oleomargarine cases there pending or to be pending, you are hereby authorized to go to St. Louis the week of the 14th instant for the purpose of preparing these cases for trial and securing the statements of witnesses, and are also authorized and directed to conduct grand jury proceedings in the Eastern District of Missouri in connection with the investigation of these cases.

"Respectfully,                         T. W. Gregory, Attorney General."

We do not mention the letter written by the Attorney General and dated January 22, 1915, as we are of the opinion that if the appearance of Mr. Childs before the grand jury in December, 1914, was unauthorized, the letter of January 22, 1915, would not help the matter. The oath above mentioned was filed in the Department of Justice. The act of Congress of June 30, 1906 (34 Stat. 816) provides as follows:

"That the Attorney General or any officer of * * * justice or any attorney or counselor specially appointed by the Attorney General under any provision of law, may, when thereunto specifically directed by the Attorney General, conduct any kind of legal proceeding, civil or criminal, including grand jury proceedings, * * * which district attorneys now are or hereafter may be * * * authorized to conduct, whether or not he or they be residents of the district in which such proceeding is brought."

The contention that the appearance of Mr. Childs before the grand jury was unauthorized is based principally upon the proposition that the act of Congress above quoted requires the appointment to be made by the Attorney General, whereas the letter of October 13, 1914, above mentioned, was signed, "For the Attorney General, Sam'l J. Graham, Assistant Attorney General," and therefore the appointment was not made by the Attorney General. We do not think there is any merit in this contention. Sections 360, 348, 161, and 177, R. S. U. S., provide as follows:

Section 360: "The Attorney General may require any solicitor or officer of the Department of Justice to perform any duty required of the department or any officer thereof."

Section 348: "There shall be in the Department of Justice three officers, learned in the law, called the Assistant Attorneys General, who shall be appointed by the President, by and with the advice and consent of the Senate, and shall assist the Attorney General and Solicitor General in the performance of their duties. * * * "

Section 161: "The head of each department is authorized to prescribe regulations, not inconsistent with law, for the government of his department, the conduct of its officers and clerks, the distribution and performance of its business, and the custody, use, and preservation of the records, papers, and property appertaining to it."

Section 177: "In case of the death, resignation, absence, or sickness of the head of any department, the first or sole assistant thereof shall, unless otherwise directed by the President, as provided by section one hundred and seventy-nine, perform the duties of such head until a successor is appointed, or such absence or sickness shall cease."

It will be seen by reference to the foregoing sections that there is such an officer known to the law as an Assistant Attorney General, who is charged by the statute with the duty of assisting the Attorney General. It will also be seen that in case of death, resignation, absence, or sickness of the head of any department, the first or sole assistant thereof shall, unless otherwise directed by the President, as provided in section 179 (Comp. St. 1913, § 261), perform the duties of such head until a successor is appointed or such absence or sickness shall cease. Also that the head of each department is authorized to prescribe regulations not inconsistent with law for the government of his department, the conduct of its officers and clerks, the distribution and performance of its business, the custody, use, and preservation of the records, papers, and property appertaining to it.

The letter of October 13, 1914, signed by Mr. Graham, appears upon its face to have been from the Department of Justice and from the Attorney General, and that the Attorney General used the hand of his assistant in signing the same, as it is physically impossible for the head of an executive department to sign, himself, every official communication that emanates from his department. Hannibal Bridge Co. v. United States, 221 U. S. 206, 31 Sup. Ct. 603, 55 L. Ed. 699; Causey v. United States, 240 U. S. 399, 36 Sup. Ct. 365, 60 L. Ed. 711, Supreme Court opinion filed March 6, 1916. We also must presume that the signature of the Assistant Attorney General to the letter of October 13, 1914, was by public and proper authority. We cannot presume that he used usurped authority, but a legitimate authority

previously given him by the Attorney General. United States v. Peralta, 60 U. S. (19 How.) 343, 15 L. Ed. 678; United States v. Adams (C. C.) 24 Fed. 351; Parish v. United States, 100 U. S. 500, 25 L. Ed. 763.

We do not think the act of June 30, 1906, in conferring the power of appointment upon the Attorney General, should be construed to mean that the Attorney General must, in all cases, sign the appointment himself, but that the power of appointment is conferred upon the Attorney General as other powers are conferred to be exercised by him personally or through his lawful assistants when duly authorized for such purpose. The Assistant Attorney General having acted expressly for the Attorney General, in the absence of any proof to the contrary, we must presume that he was duly authorized to sign the letter, appointing Mr. Childs as a special assistant to the Attorney General for the purpose of performing the duties mentioned in the appointment. Paraphrasing what was said by the Supreme Court in Marsh v. Nichols, Shepard & Co., 128 U. S. 605, 9 Sup. Ct. 168, 32 L. Ed. 538, we may say that the signing of the letter by Mr. Graham as Assistant Attorney General for the Attorney General implies that one of the conditions on which he was authorized to act in that capacity had arisen, and that with his signature added the letter was complete.

[6, 7] There are many technical reasons for affirming the order of the District Court in overruling the motion to quash, but we have considered the matter on its merits as it was suggested at the bar that it was desirable that this course be taken. This is not a proceeding to try the title of Mr. Childs to the office of special assistant to the Attorney General for the purposes mentioned in the appointment. It is a motion to quash an indictment for the reason that an unauthorized person took part in the proceedings of the grand jury which resulted in the indictment. Such a motion only attacks the authority of Mr. Childs in a collateral way, and beyond all question he was a de facto officer, acting by color of authority, and his acts are valid until it is judicially declared by a competent tribunal in a proceeding for that purpose that he has no right to the office, the duties of which he is performing. McDowell v. United States, 159 U. S. 596, 16 Sup. Ct. 111, 40 L. Ed. 271; Manning v. Weeks, 139 U. S. 504, 11 Sup. Ct. 624, 35 L. Ed. 264. As a matter of correct practice and orderly procedure, we think duly certified copies of the appointment and oath of office of Special Assistant Attorneys appointed under the act of June 30, 1906, should be presented to any court in which the assistant attorney is called upon to act, that the same may be placed upon the records of the court.

No error appearing in the proceedings of the court below, the judgment is affirmed.