# BROWN v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. May 5, 1919.)

No. 3224.

1. ARMY AND NAVY ⬅══20—SELECTIVE SERVICE ACT—VIOLATIONS—INFORMATION.

   An information charging a violation of the Selective Service Act (Comp. St. 1918, §§ 2044a–2044k), in that defendant willfully failed and refused to present himself for registration on June 5, 1917, is not fatally defective for want of an allegation that defendant is a citizen of the United States.

2. DISTRICT AND PROSECUTING ATTORNEYS ⬅══3(4)—INDICTMENT AND INFORMATION ⬅══52(3)—VERIFICATION BY ASSISTANT DISTRICT ATTORNEY.

   Under Rev. St. § 363 (Comp. St. § 538), giving the attorney general power to employ, in the name of the United States, attorneys to assist the dis-

trict attorney in the discharge of his duties, an information is not open to attack because verified by an assistant United States district attorney, for such assistants come within the general rule that an assistant duly appointed to prosecute is clothed with all of the powers and privileges of the prosecuting attorney.

3. INDICTMENT AND INFORMATION ⟨⟨⟩⟩ 52(4)—VERIFICATION—INFORMATION AND BELIEF.

It is only where it is sought to issue a warrant that the Constitution requires that the affidavit must be by one knowing the facts; therefore, as there is no statute requiring the verification of an information, an information is not open to attack because verified on information and belief.

4. ARMY AND NAVY ⟨⟨⟩⟩ 20—SELECTIVE SERVICE ACT.

In a prosecution under the Selective Service Act (Comp. St. 1918, §§ 2044a–2044k) for failure to present himself for registration on June 5, 1917, evidence *held* not to show that defendant was entitled to the direction of a verdict in his favor, on the ground that he was not bound to register under Selective Service Regulations, § 56, pt. 3, declaring that citizens and persons who have declared their intention to become citizens, residing abroad, are not required to register.

5. ARMY AND NAVY ⟨⟨⟩⟩ 20—SELECTIVE SERVICE ACT—FAILURE TO REGISTER—EVIDENCE.

An opinion by the local legal advisory board to the effect that defendant was not required to register is no defense to a prosecution for failure to register on June 5, 1917, as required by the Selective Service Law (Comp. St. 1918, §§ 2044a–2044k); the advisory boards not being created until November of that year, when the Selective Service Regulations were promulgated.

6. ARMY AND NAVY ⟨⟨⟩⟩ 20—SELECTIVE SERVICE ACT—FAILURE TO REGISTER—EVIDENCE.

In a prosecution under the Selective Service Act (Comp. St. 1918, §§ 2044a–2044k) for failure to register on June 5, 1917, vouchers given to defendant in February, 1917, which on their face indicated that he was at that time acting as deputy sheriff for Lincoln county, Mont., *held* admissible in evidence; defendant's contention being that he was then a resident of Canada.

7. CRIMINAL LAW ⟨⟨⟩⟩ 1054(1)—APPEAL—EXCEPTIONS—EVIDENCE.

Rulings on evidence, not presented by an exception, cannot be considered on appeal.

In Error to the District Court of the United States, for the District of Montana; George M. Bourquin, Judge.

Howard Brown was convicted of failure and refusal to register on June 5, 1917, as required by the Selective Service Law, and brings error. Affirmed.

J. M. Blackford, of Libby, Mont., and R. P. Henshall, of San Francisco, Cal., for plaintiff in error.

E. C. Day, U. S. Atty., of Helena, Mont., Burton K. Wheeler, U. S. Atty., and James H. Baldwin, Asst. U. S. Atty., both of Butte, Mont., and Homer G. Murphy, Asst. U. S. Atty., of Helena, Mont.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

GILBERT, Circuit Judge. The plaintiff in error was convicted upon an information which charged him with willfully failing and refusing to present himself for registration on June 5, 1917, at the

registration place in the precinct of Lincoln county. Mont., in which he then and there had his permanent home and actual place of legal residence; he being a male person between the ages of 21 and 30 years, and not an officer or an enlisted man of the Regular Army or Navy, or Marine Corps, or in other service of the United States, or in the Reserve Corps, etc.

[1] It is assigned as error that the court admitted testimony on an information which failed to state facts sufficient to constitute a public offense. No objection to the introduction of evidence was suggested to the trial court, but it is now said that the information is fatally defective for want of an allegation that the plaintiff in error was a citizen of the United States. In Ruthenberg v. United States, 245 U. S. 480, 38 Sup. Ct. 168, 62 L. Ed. 414, the court held that it was not necessary to charge that the accused who refused to register was a citizen of the United States.

[2] The information was verified by an assistant United States district attorney, and on that ground it is urged that it was fatally defective. Section 363, Rev. Stats. (Comp. St. § 538), gives the Attorney General power to employ, in the name of the United States, attorneys "to assist the district attorneys in the discharge of their duties." It places no restriction upon the powers of the assistant district attorneys. They come within the general rule that an assistant, duly appointed to prosecute, is clothed with all the powers and privileges of the prosecuting attorney, and all acts done by him in that capacity must be regarded as if done by the prosecuting attorney himself. 32 Cyc. 724; Parish v. United States, 100 U. S. 500, 25 L. Ed. 763; May v. United States, 236 Fed. 495, 149 C. C. A. 547.

[3] The further objection is made that the verification is made on information and belief. There is no statute which requires the verification of an information. It is only where it is sought to issue a warrant that the Constitution requires that there must be the affidavit of one who knows the facts. Weeks v. United States, 216 Fed. 292, 132 C. C. A. 436, L. R. A. 1915B, 651, Ann. Cas. 1917C, 524.

[4] Error is assigned to the denial of the motion of plaintiff in error for a directed verdict, and our attention is directed to section 56, part 3, of the Selective Service Regulations, which provides:

"Citizens and persons who have declared their intention to become citizens, residing abroad, are not required to register."

The record shows that the plaintiff in error made no motion for a directed verdict. We have looked into the testimony, however, sufficiently to see that there was evidence which tended to prove that his residence was at Eureka, Mont., which was his place of registration. He admitted that he was not a citizen of Canada, and had taken no steps to become such, and that he was in Eureka on the day of registration. The evidence was that his father had two farms, one near Eureka, in Montana, and one in Canada, a short distance across the border; that the plaintiff in error spent a portion of his time at Eureka, where he maintained a lodging room and kept some of his clothes, and where he received a portion at least of his mail; and that he spent portions of his time on his father's farm in Canada.

[5] It is contended that the court below erred in denying the plaintiff in error the opportunity to prove that he had been furnished with an opinion from the local legal advisory board to the effect that he, was not required to register. To this it is to be said, first, that no exception was taken to the ruling of the court, and no assignment of error is directed thereto. Again, there was no offer to show that the opinion had been given on or prior to June 5, 1917. From the fact that the advisory boards were not created until November 8, 1917, when the Selective Service Regulations were promulgated, it is to be inferred that the opinion was furnished after that date. In that case the opinion could be no defense to the failure to register on June 5, 1917.

[6] Error is assigned to the admission of a number of vouchers given to the plaintiff in error in February, 1917, which upon their face indicate that at that time he was acting as deputy sheriff of Lincoln county, Mont. His brother at that time was the sheriff of that county, and at his brother's instance the plaintiff in error conveyed a man to an insane asylum and received the vouchers in payment of his expenses. The sheriff testified that he did not make a written appointment of his brother as a deputy sheriff, and it is argued that there is no statutory prohibition against the appointment of a nonresident as deputy sheriff. The court below ruled that the vouchers were public records assumed to be authentic, and that the fact that the plaintiff in error acted in that capacity was a circumstance which the jury might consider. In that view we agree. The vouchers were properly taken into consideration, to be given the value to which the jury might think they should be entitled, in connection with the other evidence as to the actual residence of the plaintiff in error on June 5, 1917.

[7] A witness was asked whether he was acquainted with the common knowledge in the community in which he lived as to where the home of the plaintiff in error was. An objection to the question was sustained, and to that ruling error is now assigned. It is sufficient to say in answer that no exception was reserved to the court's ruling.

We find no error. The judgment is affirmed