### GRANCOURT v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit.    May 12, 1919.)

No. 3249.

1. WAR ⬤⇒4—WAR POWERS—HOUSES OF ILL FAME.

Under Const. art. 1, § 8, giving Congress the power to raise and support armies and make all laws which shall be necessary and proper for carrying into execution such powers, Act May 18, 1917, § 13 (Comp. St. 1918, § 2019b, appendix), authorizing the Secretary of War to do everything by him deemed necessary to suppress and prevent the keeping and setting up of houses of ill fame within such distance as he may deem needful of military camps, and making the keeping of any house of ill fame within the designated distance a misdemeanor, is valid.

2. WAR ⬤⇒4—HOUSES OF ILL FAME—EVIDENCE.

In a prosecution for violating Act May 18, 1917, § 13 (Comp. St. 1918, § 2019b, appendix), by setting up a house of ill fame within the distance prescribed by the Secretary of War, testimony by police officers, repeating questions asked of defendant by soldiers as to character of her establishment, transactions with such women, etc., *held* properly admitted.

In Error to the District Court of the United States for the First Division of the Northern District of California; Maurice T. Dooling, Judge.

Blanche Grancourt was convicted of violating Act May 18, 1917, § 13, and she brings error. Affirmed.

Indictment charging violation of section 13 of the Act of May 18, 1917, c. 15, 40 Stat. 83 (Comp. St. 1918, § 2019b, appendix), and section 37 of the Criminal Code of the United States (Act March 4, 1909, c. 321, 35 Stat. 1096 [Comp. St. § 10201]).

Sidney P. Robertson and Frank J. Hennessy, both of San Francisco, Cal., for plaintiff in error.

John W. Preston, Sp. Asst. Atty. Gen., and Annette A. Adams, U. S. Atty., and James E. Colston, Sp. Asst. U. S. Atty., both of San Francisco, Cal.

Before GILBERT, MORROW, and HUNT, Circuit Judges.

---

⬤⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

MORROW, Circuit Judge. [1] The defendant is charged with a violation of section 13 of the Act of May 18, 1917, entitled "An act to authorize the President to increase temporarily the military establishment of the United States." 40 Stat. 76–83.

Section 13 (Comp. St. 1918, § 2019b, appendix) provides:

"Sec. 13. That the Secretary of War is hereby authorized, empowered, and directed during the present war to do everything by him deemed necessary to suppress and prevent the keeping or setting up of houses of ill fame, brothels, or bawdyhouses within such distance as he may deem needful of any military camp, station, fort, post; cantonment, training, or mobilization place, and any person, corporation, partnership or association receiving or permitting to be received for immoral purposes any person into any place structure, or building used for the purpose of lewdness, assignation, or prostitution within such distance of said places as may be designated, or shall permit any such person to remain for immoral purposes in any such place, structure, or building as aforesaid, or who shall violate any order, rule, or regulation issued to carry out the object and purpose of this section shall, unless otherwise punishable under the Articles of War, be deemed guilty of a misdemeanor and be punished by a fine of not more than $1,000, or imprisonment for not more than twelve months, or both."

Under this authority, the Secretary of War has made a rule which provides that the keeping or setting up of houses of ill fame, brothels or bawdyhouses within five miles of a military camp, fort, post, training or mobilization place, being used for military purposes by the United States, is prohibited.

This law was enacted pursuant to the authority conferred by Congress by section 8 of article 1 of the Constitution of the United States "to raise and support armies" and "to make all laws which shall be necessary and proper for carrying into execution the foregoing powers, and all other powers vested by this Constitution in the government of the United States, or in any department or officer thereof."

It is not the exercise of the police power of the state, but the constitutional authority of the United States. Pappens v. United States, 252 Fed. 55–57, —— C. C. A. ——.

"The power to raise and support armies gives to Congress in wartime an authority over every branch of national life which is well-nigh unlimited. The events of recent years have shown this impressively. When an army is in training or in the field, every branch of commerce or industry, even the home life and habits of the people, may be placed under any necessary restraint to facilitate its 'support.'" The Government of the United States, by Munro, p. 268.

In a general demurrer to the indictment, it was objected that the indictment did not charge or state facts sufficient to constitute a public offense. It stated all of the essential facts to constitute the offense described in the statute and the order of the Secretary of War.

The particulars set forth were sufficient to inform the defendant of the nature and character of the charge and of all matters necessary to enable her to prepare her defense, and there was no defect in form. Sheridan v. United States, 236 Fed. 305, 310, 149 C. C. A. 437, and cases there cited.

[2] The admission of testimony of certain police officers repeating questions asked of the defendant by certain soldiers as to whether

there were any women in the house, transactions with such women of an immoral character, and the testimony of the policemen that the occupation of the women in the house was that of prostitution was properly admitted as relevant, material, and competent under well-known rules of evidence.

The judgment of the District Court is affirmed.