### BLANC v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. July 7, 1919.)

No. 3292.

1. WAR ⬤4—REGULATIONS AFFECTING CAMPS—CONSTITUTIONALITY.

 The provisions of Selective Draft Act May 18, 1917, § 13 (Comp. St. 1918, Append. § 2019b), authorizing the Secretary of War to take action to prevent the keeping of houses of prostitution, etc., in the vicinity of military camps or posts, extended to naval camps by Act Oct. 6, 1917 (Comp. St. 1918, § 2813e), is not unconstitutional, as an attempt by Congress to exercise police powers within the states.

⬤For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

2. INDICTMENT AND INFORMATION ⬅4—PROPER FORM OF ACCUSATION—MISDE-
    MEANORS.
        Accusation for a misdemeanor committed against the laws of the Unit-
    ed States may properly be by information.

In Error to the District Court of the United States for the First
Division of the Northern District of California; Maurice T. Dooling,
Judge.
Criminal prosecution by the United States against August Blanc.
Judgment of conviction, and defendant brings error. Affirmed.

Frank J. Hennessy, of San Francisco, Cal., for plaintiff in error.
Annette Abbott Adams, U. S. Atty., and James E. Colston, Asst.
U. S. Atty., both of San Francisco, Cal.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

HUNT, Circuit Judge. Blanc was tried and convicted upon two
informations, which were consolidated for the purpose of trial. One
information charged that during September, 1918, in violation of sec-
tion 13 of the act of May 18, 1917 (40 Stat. 76–83, c. 15 [Comp. St.
1918, Append. § 2019b]), entitled "An act to authorize the President
to increase temporarily the military establishment of the United
States," and the act of October 6, 1917 (40 Stat. 393, c. 92 [Comp.
St. 1918, § 2813e]), entitled "An act to promote the efficiency of the
United States Navy," approved the 6th of October, 1917, and the
order of the Secretary of the Navy issued on August 3, 1918, Blanc
unlawfully directed one Remegie to room 16 in a building on Broad-
way street in San Francisco for purposes of lewdness and prostitu-
tion, and that the said building was being used for purposes of lewd-
ness and prostitution, and was within 10 miles of a place under naval
jurisdiction, to wit, Goat Island. The other charged that Blanc, in
September, 1918, in violation of the statutes mentioned in the preced-
ing information and the above referred to order of the Secretary of
the Navy, willfully and knowingly kept a house of ill fame at 773
Broadway street, in San Francisco, known as the Globe Hotel, where
prostitution was carried on, and that said hotel was within 10 miles
of Goat Island, a place under naval jurisdiction.

It is argued that the proof was insufficient to show that defendant
kept a house of ill fame. The point is not well taken, for there was
evidence tending to show that prostitution was habitually carried on
in the room of the hotel kept by defendant and that defendant well
knew of the fact.

It is contended that there is nothing to sustain the charge that de-
fendant knowingly directed Remegie to the particular room describ-
ed in the house referred to. But as the evidence of the government
was that Remegie asked defendant about a girl, and that Blanc told
him to go to a particular room, and that he would find a woman there,
and that he did meet her there, and that she offered herself in pros-
titution, the court was right in submitting the evidence to the jury.

[1] It is said that the act of Congress of May 18, 1917, and the act

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

of Congress of October 6, 1917, and the order of the Secretary of the Navy of August 3, 1918, are contrary to the provisions of section 8 of article 1 of the Constitution of the United States, in that they constitute an unlawful attempt by the United States government to exercise police powers within the state. The position is not well taken. Pappens v. United States, 252 Fed. 55, 164 C. C. A. 167; Grancourt v. United States, 258 Fed. 25, —— C. C. A. ——.

[2] It is contended that the court should have granted a motion in arrest of judgment upon the ground that plaintiff in error had never been committed by any magistrate or indicted by a grand jury upon either of the offenses charged in the informations. The section of the act of Congress hereinbefore referred to makes one who is convicted guilty of a misdemeanor, and prescribes that he shall be punished by fine of not more than $1,000, or imprisonment for not more than 12 months, or both. Information is proper in a case of misdemeanor committed against the laws of the United States. United States v. Waller, 1 Sawy. 701, Fed. Cas. No. 16,634; United States v. Wells (D. C.) 186 Fed. 248; Mackin v. United States, 117 U. S. 348, 6 Sup. Ct. 777, 29 L. Ed. 909. Section 335 of the Penal Code of the United States (Act March 4, 1909, c. 321, 35 Stat. 1152 [Comp. St. § 10509]) provides that—

"All offenses which may be punished by death, or imprisonment for a term exceeding one year, shall be deemed felonies. All other offenses shall be deemed misdemeanors."

By section 1022 of the Revised Statutes (Comp. St. § 1686):

"All crimes and offenses committed against the provisions of chapter seven, Title 'Crimes,' which are not infamous, may be prosecuted either by indictment or by information filed by a district attorney."

The offense, not being punishable by imprisonment for more than a year in the penitentiary, is not an infamous crime. Parkinson v. United States, 121 U. S. 281, 7 Sup. Ct. 896, 30 L. Ed. 959; Mackin v. United States, 117 U. S. 348, 6 Sup. Ct. 777, 29 L. Ed. 909; In re Claasen, 140 U. S. 204, 11 Sup. Ct. 735, 35 L. Ed. 409.

We find no error and affirm the judgment.