United States v. Alamo.

# UNITED STATES

*v.*

## VICENTE CRUZ ALAMO ET AL.

San Juan, Criminal, No. 1322.

LEAVE TO FILE INFORMATION.

Information—Indictment.

    1. Information is a recognized form of prosecuting cases not of an infamous nature, that is to say, cases not involving capital punishment or imprisonment for over a year. Leave will be refused only if some essential requisite is omitted.

Information—Preliminary Procedure.

    2. An information should contain such reference to the preliminary procedure as to show jurisdiction.

Opinion filed November 11, 1920.

*Mr. Miles M. Martin,* United States District Attorney, and *Mr. D: F. Kelley,* Assistant United States District Attorney, for the Government.

HAMILTON, Judge, delivered the following opinion:

1. In the case at bar and in 140 other cases, the district attorney asks leave to file an information charging an offense under the prohibition laws, and seeks to have process issued to bring the defendants into court. What is decided in the present case will apply to all the others, and the same order will be entered in all.

United States v. Alamo.

There has been a case in which a district attorney on the Mainland sought to file an information which in the mind of the court did not conform to all constitutional requirements, and permission was refused. United States v. Smith, 40 Fed. 755. It would seem that information is a recognized form of prosecuting cases not of an infamous nature, that is to say, cases not involving capital punishment or imprisonment for over one year. Mackin's Case, 117 U. S. 348, 29 L. ed. 909, 6 Sup. Ct. Rep. 777. See also Parkinson v. United States, 121 U. S. 281, 30 L. ed. 959, 7 Sup. Ct. Rep. 896. This definition conforms to a long line of common-law decisions. Ex parte Wilson, 114 U. S. 417, 29 L. ed. 89, 5 Sup. Ct. Rep. 935, 4 Am. Crim. Rep. 283. These in turn are in line with the Roman practice of capitis deminutio. There infamy consisted in the loss of all political rights, and might even be granted in a civil suit as a deterrent for wrongdoing. Ihering, Struggle for Law, chap. VI. The Federal practice is detailed in Erwin v. United States, 2 L.R.A. 229, 37 Fed. 470, 489, and the history of the procedure in Weeks v. United States, L.R.A.1915B, 651, 132 C. C. A. 436, 216 Fed. 292, Ann. Cas. 1917C, 524. The court has power to refuse to permit the filing of an information, but this should be for lack of some of the essentials, constitutional or otherwise. The judicial discretion is not arbitrary and should not be exercised where the essentials are present. However convenient it might seem to be to send such cases as those arising under prohibition laws to the grand jury to sift out what is good from what is bad, this lies within the judgment of the department of justice and is not incumbent upon the court. If the department of justice thinks that the expense of an examination before a grand jury, to be followed in many cases by

United States v. Alamo.

bringing the same witnesses from a distance to the trial before a petit jury, is disproportioned to the public good to be attained in the prosecution, this is a matter which cannot be reviewed by the court. If the essential requisites are present, permission should not be refused to file informations.

In the case at bar examination has been made of all the 141 cases in question, and each information seems to be accompanied by regular warrant, arrest, and finding of probable cause by the United States commissioner for the venue in question. Under the circumstances, the district attorney is justified in asking leave to file informations instead of going to the grand jury for indictments. Brown v. United States, 168 C. C. A. 653, 257 Fed. 703; Blanc v. United States, 169 C. C. A. 641, 258 Fed. 921.

2. The technical question arises, however, whether there should not be a reference in the information to the preliminary procedure. The court hardly seems bound to examine the papers in a file to find out whether the district attorney had such ground for his action. If there was such ground it was probably jurisdictional and should be alleged or referred to in some way in the information itself. It would seem, therefore, that the information should contain such an allegation. United States v. Polite, 35 Fed. 58.

Upon the argument of this matter the district attorney has assented to this view, and has added to the different informations an allegation to the above effect. As this is done before the papers are filed, it is not necessary to consider it in the light of an amendment, but as part of the original paper itself. As so rewritten or altered, the paper presented as an information

seems to conform to all constitutional requirements, and permission is granted for its filing as an information. The same will be true as to each of the other cases involved.

It is so ordered.