### UNITED STATES v. COHEN.

(District Court, D. Massachusetts. June 7, 1921.)

Nos. 3099, 3100, 3104, 3107.

Indictment and information ⬤⟺39—Special assistant to Attorney General without authority to file information.

Under Act June 30, 1906 (Comp. St. § 534), providing that a special assistant to the Attorney General "may, when thereunto specifically directed by the Attorney General, conduct any kind of legal proceeding, civil or criminal," which district attorneys are authorized to conduct, whether or not the Attorney General may lawfully delegate authority to file a criminal information, a special assistant has no such authority unless conferred by specific direction.

Criminal prosecution by the United States against Max Cohen, against Samuel Garber and others, against Julius Ring, and against Abraham Levy. On motions by defendants to quash informations. Motions granted.

Herbert A. Horgan, Sp. Asst. Atty. Gen., of Boston, Mass., for the United States.

Thomas Stacey Bubier, of Lynn, Mass., for respondent Cohen.

James J. Moynihan, of Worcester, Mass., for respondents Garber and others.

Nathan Ullian, of Boston, Mass., for respondent Ring.

Solomon Rosenberg, of New Bedford, Mass., for respondent Levy.

MORTON, District Judge. These are informations charging the several defendants with violations of the Volstead Act (41 Stat. 305). Each information is signed "Harry M. Daugherty, Attorney General of the United States, by Herbert A. Horgan, Special Assistant to the Attorney General." Mr. Horgan's only authority to act was derived from his appointment as a special assistant to the Attorney General

which was then in force, and from letters from the Attorney General, copies of which[1] are hereto annexed.

The defendants have moved to quash or dismiss upon several grounds, among them that Mr. Horgan was not a person duly authorized to bring informations for violations of the Volstead Act. The principal questions are: (1) Whether a special assistant to the Attorney General may be empowered to bring criminal informations under the Volstead Act; and (2) assuming that such power can be granted, whether Mr. Horgan was in fact so authorized.

Prior to the passage of the Act of June 30, 1906 (34 Stat. 816 [Comp. St. § 534]), it is clear that a special assistant had no such authority. U. S. v. Rosenthal (C. C.) 121 Fed. 862; U. S. v. Heinze (C. C.) 177 F. 770, 772. Under the act of 1906, a special assistant can exercise the powers therein specified only "when thereunto specially directed by the Attorney General." The special directions to Mr. Horgan as to the cases now before me were:

"You are hereby authorized and directed to conduct grand jury proceedings in any judicial district of the United States in connection with the investigation and prosecution of these cases." Letter of January 10, 1921.

Nothing is said about filing informations.

The power to bring informations which charge crime and on which warrants of arrest issue is a great power, carrying with it possibilities of serious oppression, if improperly used. It involves the exercise of a quasi judicial discretion and the performance of duties widely different from those of an advocate in submitting a matter to the grand jury. The power is lodged in the United States Attorney (by statute as to certain crimes, R. S. § 1022 [Comp. St. § 1686]), and in the Attorney General. No statute authorizing the delegation of it has come to my attention, except the act of 1906 which, as above noted, limits the delegation to such matters as are covered by special direction. Both by the statute, therefore, and by general principles of law, a delegation of this power, if intended, must be made in clear and precise terms, and not left to inference or implication; it is not conferred by authority to conduct grand jury proceedings. For these reasons, Mr. Horgan was not, in my opinion, authorized to bring these informations, and as they were not submitted to or approved by the Attorney General they were not legally brought.

Whether the act of 1906, which in terms authorizes the Attorney General to delegate only the "conduct" of legal proceedings, authorizes him to delegate the power to bring criminal informations, it is not necessary to decide. See Brown v. U. S., 257 Fed. 703, 168 C. C. A. 653, and May v. U. S., 236 Fed. 495, 149 C. C. A. 547, which tend to uphold the delegation.

Motions allowed; informations dismissed.

(a) "January 10, 1921.

"Mr. Herbert A. Horgan, Special Assistant to the Attorney General, Federal Building, Boston, Mass.—Sir: Your appointment, dated December 31, 1920, as a special assistant to the Attorney General, is hereby extended to include the cases of United States v. David E. Roy and United States v. Joseph

---

[1] See (a) and (b) at end of case.

Pardiges and the other cases mentioned in your letter of the 6th instant, involving violations of the National Prohibition Act and the internal revenue laws, which are pending in the district of Massachusetts.

"You are hereby authorized and directed to conduct grand jury proceedings in any judicial district of the United States in connection with the investigation and prosecution of these cases.

"Respectfully,          Frank K. Nebeker, Acting Attorney General."

The letter of the 6th instant, referred to in the above communication, contained, among others, the following cases:

United States v. David E. Roy.
United States v. Julius Ring.
United States v. Hyman Terban.
United States v. Samuel Garber.
United States v. Max Cohen.
United States v. Abraham Levy.
United States v. Abraham Levy.
United States v. Joseph Pardiges.

(b)                                              "January 12, 1921.

"Mr. Herbert A. Horgan, Special Assistant to the Attorney General, Federal Building, Boston, Mass.—Sir: Your appointment dated December 31, 1920, as a special assistant to the Attorney General, is hereby further extended to include, in addition to the cases heretofore assigned to you, the investigation and prosecution of any other special cases arising in the district of Massachusetts involving the violations of the National Prohibition Act, and you are hereby authorized and directed to conduct grand jury proceedings in any judicial district of the United States in connection with the investigation and prosecution of these cases.

"Respectfully,          A. Mitchell Palmer, Attorney General."