## UNITED STATES v. TWINING.

## SAME v. TWINING et al.

(District Court, D. New Jersey. August 23, 1904.)

1. DISTRICT ATTORNEYS—SPECIAL ASSISTANT—VALIDITY OF APPOINTMENT.

The fact that the commission of a special assistant to a District Attorney appointed under the authority given by Rev. St. § 363 [U. S. Comp. St. 1901, p. 208], is signed by the Solicitor General in the Department of Justice as "Acting Attorney General" does not affect the validity of the appointment; the Solicitor General being empowered by section 347 [U. S. Comp. St. 1901, p. 202] to exercise the duties of the office of the Attorney General in case of his absence, which will be presumed in support of the regularity of the appointment.

2. SAME—APPEARANCE BEFORE GRAND JURY.

A commission from the Department of Justice to an attorney appointing him a special assistant to a District Attorney is not to be construed with technical nicety, and such a commission appointing an attorney as special assistant to a District Attorney, to assist "in the preparation and trial" of cases of the United States against the officers of an insolvent national bank against some of whom indictments had previously been returned, is to be construed as having been given under Rev. St. § 363 [U. S. Comp. St. 1901, p. 208], and to authorize the person so commissioned to assist in the performance of any duties of the District Attorney, including appearing before the grand jury to present evidence for new indictments.

3. SAME.

The fact that an attorney appointed by the Department of Justice as a special assistant to a District Attorney in the prosecution of criminal actions against the officers of an insolvent national bank had previously been employed by the receiver of such bank to prosecute civil suits against such officers does not affect the validity of his appointment.

On Rules to Show Cause Why Three Indictments against the Defendants Should Not be Quashed.

John B. Vreeland, U. S. Atty., and Edmund Wilson, for the United States.

E. W. Arrowsmith, E. M. Colie, W. W. Gooch, and H. C. Smyth, for defendants.

LANNING, District Judge. At the September term of this court in 1903 an indictment was returned by the grand jury against Albert C. Twining, a director of the First National Bank of Asbury Park, charging him with sundry offenses defined in section 5209 of the Revised Statutes [U. S. Comp. St. 1901, p. 3497]. A second indictment was returned against the same defendant at the same term for subornation of perjury, under section 5393 of the Revised

Statutes [U. S. Comp. St. 1901, p. 3654], and at the same term a third indictment was returned against the same defendant and one George F. Kroehl for conspiracy, under sections 5440 and 5209 of the Revised Statutes. Rules to show cause why these indictments should not be quashed have been allowed, and proofs have been taken thereunder.

Several reasons are assigned for quashing the indictments, the first one being that Mr. Edmund Wilson, who assumed to act as special assistant to the District Attorney, and in that capacity appeared before the grand jury while they were considering the indictments, had no legal warrant for so doing. The point of the objection is that his commission is signed by "H. M. Hoyt, Acting Attorney General," and not by the Attorney General himself. The commission is dated September 12, 1903, and reads as follows:

"Edmund Wilson, Esq., Red Bank, N. J.—Sir: You are hereby appointed a special assistant to the United States Attorney for the district of New Jersey, to assist in the preparation and trial of the cases of the United States against Albert B. Twining and others. This appointment is subject to any change that may be made by this department. * * * Please execute the inclosed oath of office, and forward it to this department. Respectfully [signed] H. M. Hoyt, Acting Attorney General."

Section 363 of the Revised Statutes [U. S. Comp. St. 1901, p. 208] is as follows:

"The Attorney General shall, whenever in his opinion the public interest requires it, employ and retain, in the name of the United States, such attorneys and counsellors at law as he may think necessary to assist the District Attorneys in the discharge of their duties, and shall stipulate with such assistant attorneys and counsel the amount of compensation, and shall have supervision of their conduct and proceedings."

Section 366 [page 209] is as follows:

"Every attorney or counsellor who is specially retained, under the authority of the Department of Justice, to assist in the trial of any case in which the government is interested, shall receive a commission from the head of such department, as a special assistant to the Attorney General, or to some one of the District Attorneys, as the nature of the appointment may require; and shall take the oath required by law to be taken by the District Attorneys, and shall be subject to all the liabilities imposed upon them by law."

Section 347 [page 202], creates the office of Solicitor General in the Department of Justice, and provides that, "in case of a vacancy in the office of the Attorney General, or of his absence or disability, the Solicitor General shall have power to exercise all the duties of that office."

At the time of issuing Mr. Wilson's commission, H. M. Hoyt was the Solicitor General in the Department of Justice. The court will take judicial notice of that fact. It will be assumed that he signed the commission in the absence of the Attorney General. The fact that his signature is as "Acting Attorney General," and not as "Solicitor General," is immaterial. Assuming the absence of the Attorney General at the time the commission was signed, it was in fact signed by the proper officer. The first reason is therefore regarded as invalid.

The second reason given for quashing the indictment is that, **assuming the commission to be valid, it did not authorize Mr.**

Wilson to appear before the grand jury for any purpose whatever. It is said that he was appointed as special assistant to the District Attorney only to aid that officer "in the preparation and trial of the cases of the United States against Albert B. Twining [the name should be Albert C. Twining] and others." The argument is that there could be no "cases" against these persons until after indictment, and that the phrase "the preparation and trial of the cases" means the preparation for the trial and the trial of the cases before the petit jury. Before the commission was issued, two indictments had been found against Martin V. Dager and one against Albert C. Twining. These indictments all related to alleged illegal transactions of Dager and Twining as officers of the First National Bank of Asbury Park. They had not, when the commission was issued, yet been tried. The defendants' counsel also insist that Mr. Wilson's commission must be construed as an authority to aid the District Attorney only in the preparation for the trial and the trial of these three cases. In United States v. Rosenthal (C. C.) 121 Fed. 862, it was said:

"The word 'case' usually conveys the idea of a controversy or issue already before the court, and not a preliminary proceeding before a magistrate, commissioner, or grand jury."

And in referring to section 366 of the Revised Statutes [U. S. Comp. St. 1901, p. 209], the court further said:

"There is in that section a recognition of the Attorney General's power, not elsewhere stated, to appoint a 'special assistant to the Attorney General' 'to assist in the trial of any case.' Here, again, is a careful limitation, which would exclude the power to conduct proceedings before the grand jury."

The section thus referred to recognizes the Attorney General's power to appoint not only a special assistant to the Attorney General, but a special assistant to any one of the district attorneys. If, then, the limitation of the language of section 366 excludes a special assistant to the Attorney General, appointed under the provisions of that section, from conducting proceedings before a grand jury, merely for the reason that such an act is not one done in the trial of a case, it must also, for the same reason, exclude from the conduct of such proceedings a special assistant to the District Attorney, appointed under the provisions of the same section. But must not Mr. Wilson's commission be regarded as having been issued under the authority of section 363, and, if so, was he not thereby entitled to appear before the grand jury? The language of this section is broader than that of section 366. It authorizes the Attorney General to employ and retain attorneys and counsellors at law to assist the District Attorneys "in the discharge of their duties." Mr. Wilson's commission plainly authorizes him to assist the District Attorney in the discharge of the latter's duties. In United States v. Cobban (C. C.) 127 Fed. 713, it appears that a special assistant to the District Attorney of Montana was appointed by the Attorney General in these words:

"You are hereby appointed a special assistant to the attorney of the United States for the district of Montana in the case in equity against W. A. Clark and some eighty-four other persons, civil and criminal, involved in the alleged frauds under the stone and timber act in the state of Montana."

It was held that this appointment clothed the special attorney with authority to appear before the grand jury for the district of Montana, and the pleas to the indictment which denied his right to do so were overruled.

It is not necessary that an appointment of a special assistant to a District Attorney shall be drawn up with the technical accuracy required in pleadings and other legal documents. The word "cases" in Mr. Wilson's commission ought not to receive the narrow construction contended for by the defendants' counsel. The word "case" in the commission of the special assistant, quoted in United States v. Cobban, was not so limited. We not infrequently speak of submitting a "case" to a grand jury for its consideration. Mr. Wilson's commission is sufficiently broad to authorize him to collate the facts of a case, and thus prepare them for submission to a grand jury. To limit the meaning of the word "cases" in the commission as the meaning of the word "case" in section 366 of the Revised Statutes [U. S. Comp. St. 1901, p. 209] was limited in United States v. Rosenthal would require the application of a rule of construction that ought not to be applied here. The commission is in fact an unsealed letter of appointment from the Department of Justice. Nothing more is required by law. At the time of the appointment, the First National Bank of Asbury Park was in the hands of a receiver. Twining and Dager, officers of the bank, had been indicted for alleged crimes in the administration of the affairs of the bank, and other officers were evidently suspected of wrongdoing. The fair meaning of the commission is that Mr. Wilson was by it authorized to assist the District Attorney in the discharge of any of the duties of the latter officer concerning the cases of the United States against persons connected with the administration of the affairs of the bank, including the presentation of facts to the grand jury. I agree with the view expressed in United States v. Cobban, that section 363 [U. S. Comp. St. 1901, p. 208], is not limited in its effect by section 366 [page 209]. They are independent sections, originally forming parts of independent acts. The commission of Mr. Wilson was evidently issued under the authority of section 363, and not section 366. It was a full warrant for his appearance before the grand jury in these cases as the special assistant of the District Attorney. The second reason is therefore also regarded as invalid.

What has been said disposes of the third objection, which is that the cases which Mr. Wilson was authorized to aid in preparing and trying were only the three cases against Twining and Dager, in which indictments were pending when the commission was issued. The commission is not so limited. It authorizes Mr. Wilson to aid the District Attorney in the preparation and trial of the cases against Twining and others. It is not limited either as to the number of persons against whom the United States may prosecute cases, or as to the time when indictments may have been returned.

The last objection is that Mr. Wilson's appearance before the grand jury was improper, because for some months previous to such appearance he had been acting as attorney for the receiver of the First National bank of Asbury Park in prosecuting civil suits against Twining. This objection is without merit. It does not appear that the indict-

ments have any relation to the facts involved in the civil suits, or that by appearing before the grand jury Mr. Wilson violated any law or even any rule of professional etiquette.

The result is that the rules to show cause must be discharged.