Joseph A. **WEISS**

v.

Robert M. **MORGENTHAU**, etc.

United States District Court
S. D. New York.

Aug. 12, 1964.

308

Joseph A. Weiss, pro se.

Robert M. Morgenthau, U. S. Atty., Arthur S. Olick, Asst. U. S. Atty., of counsel, for defendant.

RYAN, Chief Judge.

Defendant moves pursuant to Rule 12(b), F.R.Civ.P., for an order dismissing the complaint for failure to state a claim upon which relief can be granted and for lack of jurisdiction over the subject matter.

The complaint seeks an order permanently enjoining the defendant and all of his assistants from participating in the defense of Judge Bonsal, defendant in suit file number 63 Civ. 3173.

The complaint is grounded upon an alleged violation of 5 U.S.C. §§ 309, 310. These sections authorize the Attorney General or any officer of the Department of Justice to conduct any kind of legal proceeding in which the United States is interested. The Attorney General has plenary power to authorize the defendant to so act and the exercise of this power is not subject to review in the District Courts. Plaintiff contends that the only question raised by this suit is the existence of such authorization, not its legality or validity.

Accepting plaintiff's view as to the basic issue involved in this suit, we grant defendant's motion; whether or not the authorization was written or oral is irrelevant under the statute. The applicable sections merely provide for the Attorney General to authorize the United States Attorney to appear in any case in which the United States is "interested". It is unquestioned that the United States is "interested" in a suit against a Judge of the United States District Court charging malfeasance in the execution of his duties.

Upon reading the affidavits submitted and upon oral argument, it becomes evident that the United States Attorney was authorized to proceed in the defense of Judge Bonsal.

The affidavit of Arthur S. Olick, of counsel to the defendant in this matter, states that such authorization was received. Plaintiff offers only a bare unsubstantiated supposition that the Attorney General would never issue such an "unjust" and "unlawful" authorization; therefore, no such authorization was issued and Olick's affidavits to the contrary constitute perjury.

In the absence of any more substantial showing by plaintiff, we must conclude that the defendant was in fact duly authorized by the Attorney General, pursuant to 5 U.S.C. §§ 309, 310, to undertake the defense of Judge Bonsal in the related suit of Weiss v. Bonsal et al., 63 Civ. 3173.

Further, it is difficult to see how plaintiff has standing to bring this suit. The statute does not provide any machinery

for review of the Attorney General's determination. Plaintiff's suit is without merit and fails to state a claim upon which relief can be granted. The defendant's motion is granted and the Clerk of the Court is directed to enter an order dismissing the complaint with costs.

So ordered.