**UNITED STATES of America, Appellant,**

v.

**Salvatore Ross AGRUSA, Appellee.**

**No. 75–1196.**

United States Court of Appeals, Eighth Circuit.

Submitted June 13, 1975.

Decided July 18, 1975.

Philip J. Adams, Jr., Sp. Atty., Dept. of Justice, Kansas City, Mo., for the United States.

Sloan R. Wilson, Kansas City, Mo., for appellee, Salvatore Ross Agrusa.

Before LAY, HEANEY and STEPHENSON, Circuit Judges.

HEANEY, Circuit Judge.

In this companion case to *United States of America v. William Robert Wrigley,* 520 F.2d 362, filed this date, we review the dismissal of an indictment filed against Salvatore Ross Agrusa.[1] In addition to the issue decided in *Wrigley,* we are presented with the question whether the Attorney General can delegate his authority under 28 U.S.C. § 515(a) to subordinate officers of the Department of Justice. We reverse the

1. The defendant was charged with knowingly buying, receiving, and having in his possession goods and chattels of a value in excess of $100.00 which were moving as, were a part of, and constituted an interstate shipment of freight or express, knowing the same to have been stolen in violation of 18 U.S.C. § 659. The indictment was signed by Special Attorney Gary T. Cornwell and the United States Attorney for the Western District of Missouri.

order of the District Court dismissing the indictment.

The grand jury proceedings from which the indictment against the defendant issued were conducted by Special Attorneys Philip J. Adams, Jr., Gary T. Cornwell and William E. Zleit. Each is a full-time government attorney of the Department of Justice. Their appointment was by letter from the office of the Attorney General made pursuant to 28 U.S.C. § 515(a). The statute reads:

(a) The Attorney General or any other officer of the Department of Justice, or any attorney specially appointed by the Attorney General under law, may, when specifically directed by the Attorney General, conduct any kind of legal proceeding, civil or criminal, including grand jury proceedings and proceedings before committing magistrates, which United States attorneys are authorized by law to conduct, whether or not he is a resident of the district in which the proceeding is brought.

The letter of appointment to Adams reads:

The Department is informed that there have occurred and are occurring in the Western District of Missouri and other judicial districts of the United States violations of federal criminal statutes by persons whose identities are unknown to the Department at this time.

As an attorney at law you are specially retained and appointed as a Special Attorney under the authority of the Department of Justice to assist in the trial of the aforesaid cases in the aforesaid district and other judicial districts of the United States in which the Government is interested. In that connection you are specially authorized and directed to file informations and to conduct in the aforesaid district and other judicial districts of the United States any kind of legal proceedings, civil or criminal, including grand jury proceedings and proceedings before committing magistrates, which United States Attorneys are authorized to conduct.

Your appointment is extended to include, in addition to the aforesaid cases, the prosecution of any other such special cases arising in the aforesaid district and other judicial districts of the United States.

You are to serve without compensation other than the compensation you are now receiving under existing appointment.

Please execute the required oath of office and forward a duplicate thereof to the Criminal Division.

Sincerely,

HENRY E. PETERSEN

Assistant Attorney General

Zleit's letter of appointment is identical. The letter of appointment to Cornwell is substantially the same and was signed by John C. Keeney, Acting Assistant Attorney General. Each attorney executed the oath of office before entering upon his duties in the Western District of Missouri. The District Court held that the letters of appointment did not comply with 28 U.S.C. § 515(a) because the special attorneys were not "specifically directed by the Attorney General."

■ In *United States of America v. William Robert Wrigley, supra,* we held that letters of appointment which specifically direct the special attorneys to conduct grand jury proceedings in the Western District of Missouri satisfy 28 U.S.C. § 515(a). *Accord, In re Grand Jury Subpoena of Alphonse Persico,* 522 F.2d 41 (2nd Cir. 1975). The legal and factual contentions raised here are identical to those presented in *Wrigley.* There is no reason to depart from that holding here.

Because the District Court viewed the appointments as invalid under the statute, it did not reach the additional contention of the defendant that the Attorney General cannot delegate his authority under § 515(a) to subordinate officers. We now turn to that issue.

■■ Section 510 of Title 28, United States Code, provides:

The Attorney General may from time to time make such provisions as he considers appropriate authorizing the performance by any other officer, employee, or agency of the Department of Justice of any function of the Attorney General.

By regulation, the supervision of the Criminal Division of the Department of Justice has been delegated to the Assistant Attorney in charge of that division. 28 C.F.R. § 0.55. This delegation includes the power to " * * * designate attorneys to present evidence to grand juries * * * ." 28 C.F.R. § 0.60. Nothing in 28 U.S.C. § 515(a) or its legislative history evidences a congressional intent to limit the delegation authority of the Attorney General under 28 U.S.C. § 510. The delegation here to Assistant Attorney General Henry C. Petersen and Acting Assistant Attorney General John C. Keeney was in all respects proper. *See* 28 C.F.R. § 0.133; *May v. United States,* 236 F. 495, 500 (8th Cir. 1916); *In re Grand Jury Subpoena of Alphonse Persico, supra* 522 F.2d at 66–67; *United States of America v. Philip Crispino,* 392 F.Supp. 764 (S.D.N.Y.1975); *compare United States v. Giordano,* 416 U.S. 505, 94 S.Ct. 1820, 40 L.Ed.2d 341 (1974).