UNITED STATES of America,
Plaintiff,

v.

Anthony Joseph GIACALONE,
Defendant.

Crim. No. 5–80852.

United States District Court,
E. D. Michigan, S. D.

Sept. 8, 1975.

Robert C. Ozer, Sp. Atty., Detroit Strike Force, U. S. Dept. of Justice, Detroit, Mich., for government.

S. Allen Early, Jr., Detroit, Mich., for defendant.

MEMORANDUM OPINION

RALPH M. FREEMAN, District Judge.

This is a motion filed by the defendant, Anthony J. Giacalone, to dismiss a

three-count indictment pursuant to Rule 12(b) of the Federal Rules of Criminal Procedure. The defendant is charged in Counts I and II of the indictment with (1) having caused a "certain check" to be placed in the United States mail, and (2) having received the same check from the United States mail for purposes of executing a scheme and artifice to defraud, both in violation of 18 U.S.C. § 1341. Count III alleges a conspiracy to use the United States mail to execute a scheme to defraud in violation of 18 U.S.C. § 371.

By this motion the defendant has challenged the authority of Special United States Attorney Robert C. Ozer, as the Chief of the Detroit Organized Crime Strike Force of the Department of Justice, to conduct the grand jury proceedings from which the indictment against the defendant issued. The defendant asserts that Mr. Ozer was not properly authorized as an "attorney for the government" within the meaning of 28 U.S.C. § 515 and, therefore, he was not entitled to be present while the grand jury was in session or to receive disclosure of matters before the grand jury under Federal Rule of Criminal Procedure 6(d) and (e). An "attorney for the government" is defined as, *inter alia,* "an authorized assistant of the Attorney General." F.R. Cr.P. 54(c).

On February 20, 1975, John C. Keeney, Acting Assistant Attorney General, appointed Mr. Ozer as Special United States Attorney by what appears to be a standard form letter. The letter of appointment specifically directed Mr. Ozer to file informations and to conduct in the Eastern District of Michigan and other judicial districts of the United States "any kind of legal proceedings, civil or criminal, including grand jury proceedings . . . which United States Attorneys are authorized to conduct."

Authority for the appointment and the direction it established is found in title 28 U.S.C. § 515. The statute provides:

(a) The Attorney General or any other officer of the Department of Justice, or any attorney specially appointed by the Attorney General under law, may, when specifically directed by the Attorney General, conduct any kind of legal proceeding, civil or criminal, including grand jury proceedings and proceedings before committing magistrates, which United States attorneys are authorized by law to conduct, whether or not he is a resident of the district in which the proceeding is brought. (b) Each attorney specifically retained under authority of the Department of Justice shall be commissioned as special assistant to the Attorney General, and shall take the oath required by law. . . .

The defendant initially contended that Mr. Ozer's appointment failed to comply with the statute on the sole ground that he had not taken the Oath of office as required by Section 515(b). To substantiate this allegation, the defendant presented a certification by the clerk of the court dated May 28, 1975 which stated that the court records of this district failed to disclose that an Oath of Office was filed or recorded by a Robert C. Ozer.

In reply, the government presented a photocopy of a certified copy of the original Oath of Office which was apparently subscribed and sworn to by Mr. Ozer on February 27, 1975. The government also presented a certification from the clerk of the court dated August 4, 1975, acknowledging that the original Oath of Office for Mr. Ozer had been misplaced in the court files and that the certified copy of the Oath has now been furnished to the Clerk's office.

At the hearing on this motion, defendant's counsel stated that he was unaware of the existence of the certified copy of Mr. Ozer's original Oath of Office or that the original Oath had been misplaced in the court files. Without pressing this matter further, defendant's counsel sought to raise additional grounds for challenging the authority of Mr. Ozer's appointment as Special United States Attorney. Since these new grounds for dismissal all relate to the

initial issue raised by the defendant's motion, this Court took the matter under advisement thereby permitting the defendant to assert the additional grounds raised at the hearing.

In addition to the original ground asserted in support of this motion, the defendant now claims that Mr. Ozer's letter of appointment fails to comply with the statute in two basic respects. First, it is contended that the letter of appointment is too broad because it fails to give specific direction in the grant of authority as required by Title 28, Section 515(a). Second, it is further alleged that the Acting Assistant Attorney General lacks the authority under Title 28, Section 515(a) to appoint a Special United States Attorney.

The defendant's original ground in support of his motion must be decided adversely to him in light of the government's certified document establishing that Mr. Ozer took the Oath of Office on February 27, 1975, a time prior to his involvement with the grand jury in this case. The defendant has neither contradicted nor challenged the authenticity of this document and this Court may, therefore, accept it as secondary evidence that Mr. Ozer has complied with the Oath requirement of 28 U.S.C. § 515(b), *Belt v. United States,* 73 F.2d 888 (5th Cir., 1934).

Moreover, the mere failure of a Special United States Attorney to file or record an otherwise valid appointment with the district court does not invalidate the appointment nor vitiate the privilege of the Special United States Attorney to be present before the grand jury under Rule 6 of the Federal Rules of Criminal Procedure. It is the authorization and not the filing which authorizes the government attorney to act. *May v. United States,* 236 F. 495, (8th Cir., 1916); *United States v. Morton Salt Company,* 216 F.Supp. 250, 256 (Minn.D. C.1962).

The defendant's additional grounds in support of his motion have been decided adversely against him by two appellate circuits in *In Re Persico,* 522 F.2d 41 (2nd Cir., 1975) and *United States v. Wrigley,* 520 F.2d 362 (8th Cir., 1975); *DiGirlomo v. United States,* 520 F.2d 372 (8th Cir., 1975); *United States v. Agrusa,* 520 F.2d 370 (8th Cir., 1975). All of these cases involved standard form letters of appointment identical in terms to the letter of appointment in this case. The courts in both circuits rejected the same legal and factual contentions raised by the defendant in this case in upholding the validity of the appointments under 28 U.S.C. § 515(a).

In *Wrigley* the Eighth Circuit held that letters of appointment which stated that Special Attorneys were "specifically [authorized and] directed . . to conduct any kind of legal proceedings . . . which United States Attorneys are authorized to conduct" substantially complied with 28 U.S.C. § 515(a). This holding was based upon a careful reading of the statutory language and a review of the legislative history of the statute. The court concluded that the statute, 28 U.S.C. § 515(a), was not a limitation but was rather a grant of authority that makes the powers of the Attorney General coextensive with his duties. The court further concluded that:

> [t]he decision as to when special attorneys were to be employed, however, was left solely to the discretion of the Attorney General. Nothing in the legislative history, and certainly nothing in the statute, evidences a congressional intent to subject the Attorney General's decisions to review. His is the duty to conduct the criminal litigation of the United States. 28 U.S.C. § 516.

In *Persico* the Second Circuit upheld an identical letter of appointment by relying upon administrative guidelines that establish limitations on the special attorney's authority. The court concluded that the letter of appointment satisfied the "specifically directed" requirement of 28 U.S.C. § 515(a) on the ground that "such a specific direction to an attorney regularly employed on a full-time basis by the Department of Justice need not be embodied in a single written autho-

rization, but may be implied in other writings, guidelines, practices and oral directions transmitted through a chain of command within the Department." The court also cited the *Wrigley* decision apparently as an alternative rationale for its holding.

The defendant would have this Court disregard the holdings in *Wrigley* and *Persico* and instead follow the opposing view as expressed in *United States v. Crispino,* 392 F.Supp. 764 (S.D.N.Y.1975), and *United States v. Dulski,* 395 F.Supp. 1259, 17 Cr.L. 2219 (E.D.Wis., 1975). Both cases held that the form letter of appointment was too broad to satisfy the "specifically directed" requirement of 28 U.S.C. § 515(a). Both of these cases, however, were considered and rejected by the *Wrigley* court. There is no reason to depart from that holding here.

■ The defendant's assertion that the Acting Assistant Attorney General lacks the authority under the statute to appoint a Special United States Attorney was specifically considered and rejected in *United States v. Agrusa,* 520 F.2d 370 (8th Cir., 1975), a companion case to *Wrigley.* There, the court was presented with the question whether the Attorney General can delegate his authority under 28 U.S.C. § 515(a) to subordinate officers of the Department of Justice pursuant to 28 U.S.C. § 510. Section 510 of the United States Code provides:

> The Attorney General may from time to time make such provisions as he considers appropriate authorizing the performance by any other officer, employee, or agency of the Department of Justice of any function of the Attorney General.

The court held that 28 U.S.C. § 510 gives the Attorney General the right to delegate any of his authority to any officer or employee of the Department of Justice, including the Acting Assistant Attorney General John C. Keeney. The court stated:

> . . . Nothing in 28 U.S.C. § 515(a) or its legislative history evidences a congressional intent to limit the delegation authority of the Attor-

ney General under 28 U.S.C. § 510. The delegation here to Assistant Attorney General Henry C. Petersen and Acting Assistant Attorney General John C. Keeney was in all respects proper.

The defendant has apparently cited the decision by the Honorable Cornelia Kennedy of this District in *United States v. Aquino,* 338 F.Supp. 1080 (E.D. Mich., 1972) to support his contention on this matter. That case involved the validity of an order extending a wire tap authorization issued by the Executive Assistant Attorney General. The court held that the wire tap authorization was invalid because it was not specifically authorized by either the Attorney General or the Assistant Attorney General as required by 18 U.S.C. § 2516. This holding was based on the conclusion that 18 U.S.C § 2516 was a specific congressional limitation on the right of the Attorney General to delegate his authority under 28 U.S.C. § 510. *Accord, United States v. Giordano,* 416 U.S. 505, 94 S.Ct. 1820, 40 L.Ed.2d 341 (1974). There was no mention in *Aquino* whatsoever of 28 U.S.C. § 515(a) which is involved in this case.

■ The *Aquino* decision is clearly distinguishable from what is involved here. 28 U.S.C. § 515(a), unlike 18 U.S.C. § 2516, is a grant of authority to the Attorney General and not a limitation. *United States v. Wrigley,* 520 F.2d 370 (8th Cir., 1975). Thus there is no basis for concluding that the language of 28 U.S.C. § 515(a) is a limit on the delegation authority of the Attorney General under 28 U.S.C. § 510.

■ The defendant in his supplemental brief in support of this motion has also requested that there be held a special hearing to determine whether there has been a full and complete compliance with the intra-departmental guidelines of the Department of Justice governing the interrelationships between Special United States Attorneys of the Strike Force and the United States Attorneys offices. This, however, is a matter of internal concern of the Department of

255

Justice. It must be emphasized that the defendant has not contended that the actions of Special Attorney Ozer have caused him demonstrated prejudice or deprived him of a Constitutional right. The sole question raised by the defendant's motion is whether Congress gave the Attorney General the authority to appoint special attorneys under a broad letter of appointment and whether the authority of appointment can be delegated to an Acting Assistant Attorney General. This Court has accepted the conclusion reached in the *Wrigley* case that the decision as to when special attorneys are to be employed was left solely to the discretion of the Attorney General and that this authority may be delegated to an Acting Assistant Attorney General.

For all the foregoing reasons, the motion to dismiss is denied.

An appropriate order may be submitted.