**UNITED STATES of America,**
**Plaintiff,**

v.

**Salvatore FINAZZO et al., Defendants.**

**Crim. No. 5–80597.**

United States District Court,
E. D. Michigan, S. D.

Dec. 4, 1975.

---

Ralph B. Guy, Jr., U. S. Atty., by John L. Newcomer, Detroit, Mich., for plaintiff.

Ivan E. Barris and Michael H. Golob, Detroit, Mich., for Salvatore Finazzo.

S. Allen Early, Jr., Detroit, Mich., for Dominic Licavoli.

Thomas A. Kennelly, Washington, D. C., for Salvatore Lauricella; Armand D. Bove, Grosse Pointe Woods, Mich., of counsel.

Frederic K. Jurek, Cleveland, Ohio, for John P. Bobal.

Jerry Milano, Cleveland, Ohio, for Frank C. Ilaqua.

## MEMORANDUM OPINION AND ORDER

KEITH, Chief Judge.

This matter is presently before this Court on five motions which have been filed by defendant Lauricella. Defendant has filed a Motion for Discovery, a Motion for an Order Establishing Order of Proof by the Government, a Motion to Dismiss the Indictment, a Motion for a Bill of Particulars, and a Motion to Dismiss Count V of the Indictment. The Court is of the opinion that defendant's Motion for Discovery and Motion for a Bill of Particulars should be denied except and to the extent that the government has already complied with defendant's requests. In addition, the Court will grant the government reciprocal discovery pursuant to Rule 16(c) of the Federal Rules of Criminal Procedure. The Court is also of the opinion that defendant's three other motions present-

ly pending should be denied. In that they raise some interesting, and somewhat novel legal theories, the Court will discuss them separately as follows.

I.

■ The defendant has filed a motion for an order establishing the order of proof by the government. The defendant is concerned that hearsay evidence of conversations overheard by the government as a result of electronic surveillance will be introduced into evidence before the government produces independent evidence placing the defendant in the conspiracy. The defendant urges this Court to follow a procedure which Judge Murray, in *U. S. v. Petrozziello*, Criminal No. 75–136–M, D.C.Mass., used recently establishing the order of proof which the government must follow. On the other hand, the government recommends that this Court follow the traditional approach of conditionally admitting the hearsay evidence and then instructing the jury to disregard it as to certain defendants if the government fails to produce independent evidence of their participation in the conspiracy.

This Court shares with Judge Murray the concern that cautionary instructions, alone, may not suffice to condition the jurors that extrajudicial statements of alleged co-conspirators are often admitted for a limited use. It is indeed a complicated and somewhat technical procedure to admit a statement subject to independent proof of the existence of the conspiracy, as well as proof of the alleged co-conspirator's participation in that conspiracy. However, this Court is prepared to fully exercise its discretion in the conduct of this trial, and in instructing the jury, to adequately protect the defendant against the use of hearsay evidence where there is no independent proof of his participation in the conspiracy. The Court will, therefore, follow the traditional approach which has been utilized by the Court's brothers and sisters on this bench [1] and deny defendant's motion for an order establishing order of proof at trial.

II.

Defendant has filed a Motion to Dismiss the Indictment. In this motion, defendant contends that the Indictment should be dismissed for failure of the government to comply with 28 U.S.C. Section 515 and Rule 6 of the Federal Rules of Criminal Procedure. The thrust of defendant's motion is that the Indictment was presented to and obtained from the Grand Jury by unauthorized government attorneys. Further, defendant claims that even if the Court finds that the government attorneys were authorized in that Mr. Robert Ozer, Special Attorney, United States Department of Justice, took the required oath and in that the letters of appointment are not defective, then the Court should still order a hearing in the interest of justice to determine whether the United States Attorney's Office has followed its own Guidelines in the prosecution of this case.

■ This Court took testimony from two witnesses at the time that the defendant's attorney and the government's attorney appeared before it to argue this motion. Based on the testimony, under oath, from Mr. Ozer and from Mr. George Cromley, Deputy Clerk, United States District Court, Eastern District of Michigan, this Court is of the opinion that Mr. Ozer's appointment was in full compliance with the statutory requirements of Title 28 U.S.C. § 515. This Court will follow the well reasoned opinion of Judge Ralph Freeman, who was

---

1. See, e. g., the following cases from the United States District Court, Eastern District of Michigan: *United States v. Glenn Bourgeosis*, Criminal No. 48456, *United States v. Maneer Leon*, Criminal No. 48080, Judge DeMascio; *United States v. Vigi*, D.C., 350 F.Supp. 1008; *United States v. Charles Bert*, Criminal No. 4–82285, Judge Joiner; *United States v. John Classen*, Criminal No. 48525, Judge Pratt; *United States v. Arthur Smith*, Criminal No. 47707, Judge Kennedy.

confronted with a very similar challenge in *United States v. Giacalone*, 408 F.Supp. 251 (E.D.Mich.1975). This Court finds itself in accord with the conclusion that the decision as to when special attorneys are to be employed was left solely to the discretion of the Attorney General and that this authority may be delegated to an Acting Assistant Attorney General. *U. S. v. Wrigley*, 520 F.2d 362 (8th Cir. 1975). Accordingly, the motion of the defendant, who has not contended that he suffered prejudice as a result of the claimed violations or that he was deprived of a constitutional right, should be, and hereby is, denied.

### III.

Pursuant to Rule 12(b) of the Federal Rules of Criminal Procedure, defendant Lauricella has moved this Court to dismiss Count V of the Indictment. The defendant is charged in Count V with conspiring to violate Title 18, United States Code, Sections 201(f), (g), and 2, and Section 1952. Defendant urges this Court to adopt either of two grounds for dismissing Count V.

Defendant contends that a charge of conspiracy to commit a substantive offense will not lie when the concert of action which the conspiracy charges is also charged as the substantive crime itself. The substantive offense with which defendant Lauricella is charged in Count II is agreeing to receive and receiving a bribe, in violation of Title 18, U.S.C., §§ 201(g) and 2. In Count III, defendant Lauricella is charged with traveling in interstate commerce in promotion of bribery. As his first ground for dismissing Count V, defendant argues that Count V alleges his participation in a conspiracy to commit a substantive offense previously described in Count II. In that the substantive offense with which the defendant is charged in Count II requires concert of action, defendant claims that Count V alleging the conspiracy to do the same thing is barred by Wharton's Rule.

■ Wharton's Rule precludes an Indictment for conspiracy to commit a substantive offense where the agreement of two persons is necessary for the completion of the substantive crime. *Gebardi v. U. S.*, 287 U.S. 112, 53 S.Ct. 35, 77 L.Ed. 206 (1932); *Pinkerton v. U. S.*, 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946). In other words, the rule stands as an exception to the general principle that a conspiracy and the substantive offense that is its immediate end do not merge upon proof of the latter. *Iannelli v. United States*, 420 U.S. 770, 95 S.Ct. 1284, 43 L.Ed.2d 616 (1975).

The question before this Court, therefore, is whether conspiracy to violate and violation of Title 18, Section 201 can be indicted as distinct and separate crimes. The courts have applied several tests to resolve this question in other contexts. The Sixth Circuit in *Krench v. U. S.*, 42 F.2d 354 (1930), and *Freeman v. U. S.*, 146 F.2d 978 (1945), held that where proof of the substantive offense included every element of the conspiracy, the defendant could not be sentenced both for conspiracy and for the substantive offense. In holding that the conspiracy in question was no different from the crime which was its object, the Sixth Circuit, *for the purpose of sentencing*, first determined whether it was necessary in proving the substantive offense to prove every essential element of the conspiracy.

■ The Second Circuit, in *U. S. v. Benter*, 457 F.2d 1174 (1972), has followed the rule that a conspiracy charge will lie where the agreement which is the basis for the conspiracy involved more participants than were necessary for the commission of the substantive offense. This is the recognized third party exception which makes Wharton's Rule inapplicable when the conspiracy involves the cooperation of a greater number of persons than is required for commission of the substantive offense. *Gebardi v. U. S.*, 287 U.S. 112, 122, n. 6, 53 S.Ct. 35, 77 L.Ed. 206 (1932).

Recently, the United States Supreme Court had occasion to rule specifically on the applicability of Warton's Rule to an Indictment charging defendants with

both conspiracy to violate and violating 18 U.S.C. § 1955, a federal gambling statute. *Iannelli v. U. S., supra.* In analyzing the history and purposes of Wharton's Rule, the Court attempted to identify the Rule's role in the context of the modern law of conspiracy. The Court held that Warton's Rule has continuing vitality only as a judicial presumption to be applied in the absence of legislative intent to the contrary. The Court found that Congress authorized prosecution and conviction for both conspiracy to violate and violating 18 U.S.C. § 1955 and held that Wharton's Rule must defer to the legislative judgment behind retaining § 371 and § 1955 as distinct and separate offenses; however, the Court also indicated that an examination of the underlying premise of the Rule, especially as applied to the classic offenses of adultery, incest, bigamy, and dueling, might have led to the same result.

This Court finds it unnecessary to examine the legislative intent behind § 201, preferring to rest its decision instead on the third party exception to Wharton's Rule.[2] Indeed, the Supreme Court in *Iannelli* acknowledged the viability of this exception, but because of its determination that Congress authorized prosecution and conviction for both offenses in all cases, the Court did not reach the question whether the exception could properly be applied to conspiracies to violate § 1955. In the instant case, however, the conspiracy alleged in Count V involves more persons than would be required for commission of the substantive offense previously alleged in Count II of the Indictment. The third party exception to Wharton's Rule clearly applies. The Court is of the opinion that defendant Lauricella can be indicted both for conspiracy to violate § 201 and for violating § 201, where, as here, more persons are named in the conspiracy count than are required for the commission of the substantive offense.

Defendant's second ground for dismissing Count V is without merit. Defendant claims that Count V is defective because it charges at least two separate, distinct, and mutually exclusive conspiracies. Reading the Indictment as a whole, only one conspiracy is charged.

For the reasons stated above, defendant's Motion to Dismiss Count V of the Indictment should be, and hereby is, denied.

IV.

Defendant, subsequent to filing the above-described motions, has moved this Court to dismiss the Indictment or in the alternative to suppress illegally obtained evidence. In addition, the defendant has moved for an order temporarily enjoining further issuance of Grand Jury subpoenas, pending this Court's ruling on its Motion to Dismiss. Defendant claims that the government has abused the Grand Jury process by making it an instrument of pre-trial discovery.

The government, in its response to defendant's motion acknowledges the impropriety of its using the Grand Jury for the purpose of preparing an already pending Indictment for trial. See *United States v. Doe*, 455 F.2d 1270 (1st Cir. 1972). The government claims, however, that the principal purpose of the current Grand Jury proceeding is to ascertain whether offenses against the United States, other than those already charged in the instant Indictment, have been committed. Further, the government contends that the fact that this investigation may turn up evidence relevant to the pending Indictment does not bar its use. *U. S. v. Doe, supra,* at 1273.

The defendant has leveled some very serious charges at the government and the actions of the government should be closely scrutinized. However, the remedies which the defendant has urged on the Court are also rather extreme. In that the government has acknowledged its responsibility not to abuse the Grand

---

**2.** The rationale behind this exception makes eminent sense in the context of this Indictment. See the discussion in *Iannelli, supra,* n. 15, 420 U.S. at 782–3, 95 S.Ct. 1284.

Jury process, and has further offered to submit *in camera* for the Court's inspection an affidavit relating to the scope and purpose of the Grand Jury investigation as well as transcripts of that investigation, the Court will delay ruling on defendant's motion. Pending its final ruling, however, the Court will enjoin the United States Department of Justice and its agents and representatives from causing or requesting the issuance of subpoenas by the Grand Jury for records of, or pertaining to transactions by, Salvatore A. Lauricella.

It is hereby ordered that the government furnish the Court, *in camera*, with an affidavit detailing the nature and scope of the present Grand Jury investigation. In addition, the government is ordered to submit an offer of proof so that the Court can make a determination what if any transcripts of that investigation are necessary for its perusal.

It is so ordered.